UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL A. WESLEY AND, JOELLEN WESLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:19-cv-713-JD-MGG ) |
| UNITED STATES OF AMERICA | ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Michael Wesley alleges negligence and malpractice under the Federal Tort Claims Act committed by the United States, through its agent the Department of Veterans Affairs ("VA"), its subdivision Veterans Health Administration ("VHA"), and its employee Dr. Bradley R. Hammersley. [DE 1]. Mr. Wesley's wife, JoEllen Wesley, alleges she sustained a loss of consortium as a result of the same negligence. *Id.* In response, the United States moves to dismiss Mrs. Wesley's claim for failure to exhaust her administrative remedies. [DE 11]. The time to respond to the motion has passed and no response has been filed. For the following reasons, the Court grants Defendant's Motion to Dismiss.

**I. FACTUAL BACKGROUND**

In June 2012, Mr. Wesley sought medical care from Dr. Hammersley, a podiatrist at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana, for issues Mr. Wesley was experiencing with his left foot. Several surgeries were performed, which eventually resulted in the amputation of his left leg below the knee. On March 27, 2018, the VA alerted Mr. and Mrs. Wesley of potential deficiencies related to the care Mr.

1

Wesley had received from Dr. Hammersley. After that meeting, Mr. Wesley filed an administrative tort claim on February 7, 2019 detailing his claim against the Defendant. That form did not mention Mrs. Wesley, or her loss of consortium claim, in any capacity. Mrs. Wesley did not file her own administrative tort claim form.

On September 9, 2019, the couple filed the Complaint at issue, including Mr. Wesley's medical malpractice claim as well as Mrs. Wesley's loss of consortium claim. [DE 1]. The claims are brought under the Federal Tort Claims Act. Attached to the Complaint as Exhibit A is the administrative tort claim that was filed by Mr. Wesley only. The United States now moves to dismiss Mrs. Wesley and her claim for failing to exhaust administrative remedies.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While the Defendant has brought this motion pursuant to Rule 12(b)(6), the Court also reviews it under Rule 12(b)(1), which authorizes dismissal of claims over which the Court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it, which for the purposes of this motion is the plaintiff, Mrs. Wesley. *Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

### III. DISCUSSION

Mrs. Wesley purports to bring her claim against the United States under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2401(b), 2671–80. The FTCA acts as a limited waiver of federal sovereign immunity, allowing citizens to sue in a timely fashion for the tortious conduct of the United States as if it were a private party. *Charlton v. United States*, 743 F.2d 557, 558 (7th Cir. 1984). However, prior to filing a claim in federal court, a plaintiff must exhaust his or her administrative remedies in relation to the claim. 28 U.S.C. § 2675(a). *See also Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019). Per the statute, a plaintiff seeking to sue the government must file a claim with the particular agency at issue and have that claim denied prior to filing suit in federal court. 28 U.S.C. § 2675(a); *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015). The administrative claim must be sufficiently detailed to give the federal agency, or a "legally sophisticated reader," notice of the alleged injury and the conduct at issue. *LeGrande v. United States*, 687 F.3d 800, 813 (7th Cir. 2012). The very purpose of the

3

provision is to provide the agency with the opportunity to settle claims that warrant settlement. *McNeil v. United States*, 508 U.S. 106, 112, n.7 (1993); *Kanar v. United States*, 118 F.3d 527, 531 (7th Cir. 1997).

Mrs. Wesley does not allege that she exhausted her administrative remedies, and this motion is unopposed. Accordingly, it is undisputed that Mrs. Wesley did not file an administrative claim of her own. The Court therefore must determine if Mr. Wesley's administrative claim provided sufficient notice of Mrs. Wesley's loss of consortium claim under the FTCA. On Mr. Wesley's administrative claim, only his name and his attorney are listed and only Mr. Wesley signed the document attesting to its accuracy. [DE 1-1]. Further, the only alleged injuries were Mr. Wesley's physical injuries. *Id.* Where the purpose of the exhaustion requirement is to provide an opportunity for agencies to settle meritorious claims, Mrs. Wesley cannot be said to have exhausted her administrative remedies to satisfy that requirement as the agency was not on notice of her claims.

This matter is very similar to that of *Richardson v. United States*, where a wife's loss of consortium claim was denied because she failed to file her own administrative claim. 831 F. Supp. 657, 661 (N.D. Ind. 1993) (citing *McNeil,* 508 U.S. at 106).[1] There, the court held that § 2675(a) was to be read literally and that the court lacked the discretion to deviate from a technical reading. *Id.* Unlike *Loper v. United States*, where a wife's name and signature on her husband's claim was sufficient, neither Mrs. Wesley's name nor signature were on the form here

---

[1] The Defendant lists several cases from other district courts holding that the court lacked subject matter jurisdiction where spouses failed to file a separate claim because the requirements of § 2675(a) had not been met. *See Cartensen v. United States*, 2019 WL 5537221, *3 (S.D. Ind. Oct. 25, 2019) (dismissing spouse's claim for loss of consortium for failure to exhaust administrative remedies); *Christian v. United States*, 859 F.Supp.2d 468, 477 (E.D.N.Y. 2012) (same); *Schamberger v. United States*, 2007 WL 1521502, at *1 (E.D. Wis. May 23, 2007) (same); *Plescia v. United States*, 1993 WL 135307, * 2 (N.D. Ill. April 23, 1993) (same); *Rode v. United States*, 812 F. Supp. 45 (M.D. Pa. 1992) (same); *Ryan v. United States*, 457 F. Supp. 400, 403 (W.D. Pa. 1978) (same); *Stewart v. United States*, 458 F. Supp. 871, 872 (S.D. Ohio 1978) (same); *Heaton v. United States*, 383 F. Supp. 589, 591 (S.D.N.Y. 1974) (same).

and there is nothing in this case to indicate that the VA was ever on notice of Mrs. Wesley's loss of consortium claim. 904 F. Supp. 863, 865–66 (N.D. Ind. 1995). Mrs. Wesley's failure to file an administrative claim cannot be categorized as a "mere technicality," as two and a half years have passed since she was made aware of the underlying claim. *Richardson*, 831 F. Supp. at 658–59. Without the administrative tort claim, the VA was not on notice of Mrs. Wesley's claims and the requirements of 28 U.S.C. § 2675(a) were not satisfied. Therefore, because Mrs. Wesley's loss of consortium claim is independent from that of Mr. Wesley's claims and she failed to exhaust her administrative remedies, her claim warrants dismissal.

## IV. CONCLUSION

Accordingly, the United States' uncontested Motion to Dismiss JoEllen Wesley and her loss of consortium claim is GRANTED. Plaintiff JoEllen Wesley and her claim against the United States are hereby DISMISSED. Plaintiff Michael Wesley's claims against the United States remains.

SO ORDERED.

ENTERED: October 14, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court

5